IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDWARD A. CARNEY | : |
| | : |
| v. | : CIVIL NO. CCB-03-3493 |
| | : |
| UNITED STATES OF AMERICA, | : |

...o0o...

**MEMORANDUM**

Now pending before the court is Carney's motion for the production of Dr. Robert Riederman's expert report and for a determination that Dr. Riederman is subject to testifying at a pretrial deposition and as a witness at trial. For prior factual background and procedural history, see generally Carney v. U.S., 368 F.Supp.2d 439 (D.Md. 2005).

By letter dated March 1, 2004, the United States requested Edward Carney ("Carney") to submit to an independent medical examination by Dr. Robert Riederman to determine the connection between Carney's shipboard accident and his injuries. Carney traveled to Baltimore from California for his May 5th examination. On May 10, 2004, the United States filed its Rule 26(a)(2) disclosures designating Dr. Riederman as an expert expected to testify at trial. Carney's counsel sent letters to the United States and to Carney's union on June 21, 2004 requesting treatment for Carney's neck and shoulder. By e-mail, the United States informed Carney that it would accept responsibility for the shoulder treatment but needed more information before it could make a decision as to whether spinal surgery was necessary and related to the shipboard accident. In its status letter to the court on July 26, 2004, Carney advised that he intended to depose defendant on its failure to provide timely "cure" for Carney's injuries. In a letter dated August 6th, the United States advised Carney that it was amending its Rule 26(a)(2) disclosures by changing Dr. Riederman from a testifying expert to a consulting expert


and that, therefore, his report would not be provided.

Carney filed this motion for discovery of expert disclosures pursuant to Rule 35(b) on June 10, 2005. The United States responded by submitting Dr. Riederman's report with the opinion portions redacted and by arguing that Carney may not depose the doctor or call him as a witness at trial. The United States also requested the court to direct Carney to produce all medical reports of any physician who examined Carney for any injury since May 2003.[1]

Carney relies in his motion on Federal Rule of Civil Procedure 35(b)(1), which provides: "If requested by the party against whom an order is made under Rule 35(a) or the person examined, the party causing the examination to be made shall deliver to the requesting party a copy of the detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnoses and conclusions, together with like reports of all earlier examinations of the same condition."

The United States contends that Carney may request a copy of the factual data gathered by Dr. Riederman, but that he is not entitled to receive the doctor's opinions, depose him, or have him testify at trial because Rule 26(b)(4) protects the opinions of non-testifying experts from disclosure. Pursuant to Rule 26(b)(4)(B), "[a] party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." In

---

[1] If there are any such reports that have not yet been produced, Carney should do so.

contrast, if an expert is designated as a testifying expert, a party may depose that expert. Fed. R.Civ.P. 26(a)(4)(A).

First, Carney is entitled to production of Dr. Riederman's entire report under the plain language of Rule 35(b)(1), which encompasses the examiner's "diagnosis and conclusions." In its opposition, the United States, surprisingly, failed to acknowledge authority from this District cited by plaintiff, Crowe v. Nivison, 145 F.R.D. 657 (D. Md. 1993)[2]. Further, the United States relied on an opinion from the District of Connecticut which is readily distinguishable from this case and indeed is consistent with plaintiff's position. See Brousseau v. Postmaster General, 209 F.R.D. 293 (D.Conn. 2002) (requiring production of an expert report to the extent it related to the IME, but permitting redaction of analysis of other matters). At a minimum, Carney is entitled to the full report.

Under Crowe, the plaintiff also is entitled to depose Dr. Riederman and subpoena him as a witness at trial. 145 F.R.D. at 658. Other courts have employed a balancing test, or even required a showing of "exceptional circumstances." See Lehan v. Ambassador Programs, Inc., 190 F.R.D. 670, 674 (E.D.Wa. 2000); House v. Combined Ins. Co. of Am., 168 F.R.D. 236, 246 (N.D.Iowa 1996). Under any standard, the facts of this case support permitting the deposition of Dr. Riederman.[3] Significantly, Dr. Riederman's IME was requested by the defendant and agreed to by the plaintiff not simply in connection with litigation but also for purposes of the defendant's possible obligation to provide coverage for medical treatment, specifically spinal surgery, if causally related to the accident. Moreover, Dr. Riederman initially was designated as a testifying expert, see House, 168 F.R.D. at 247,

---

[2] While this authority is not binding, it is at least relevant to the analysis of this issue.

[3] The plaintiff would be required to pay the expert witness fee.

and only withdrawn after Carney indicated an intent to depose the defendant on failure to provide "timely" cure.

Whether Dr. Riederman should be subject to a trial subpoena will be determined at a later date. His entire opinion must be produced within 10 days, however, and he should be made available for deposition at a mutually convenient time.

A separate Order follows.

| July 22, 2005 | /s/ |
|---|---|
| Date | Catherine C. Blake<br>United States District Judge |