# TRI-PARTY MEDICAL REIMBURSEMENT AGREEMENT

Whereas, the MEBA Medical and Benefit Plan (hereinafter "Plan") provides coverage  for certain medical expenses to eligible Participants;

Whereas, the Employer signatory hereto is completely responsible for paying medical expenses associated with injuries and illness arising out of or in the course of employment and/or injuries and illness incurred while in the service of a vessel (hereinafter referred to collectively as "workplace injuries");

Whereas, the Employer's financial responsibility for such workplace injuries is occasionally the subject of litigation between the Participant and the Employer;

Whereas, in such contested cases, if the Employer is held not to be financially responsible for a Participant's particular injury or illness, the Plan is responsible for the payment of claims associated with that injury/illness, but only subject to and in accordance with the terms of the Plan's Rules and Regulations;

Whereas, the Plan, in order to facilitate health care protection to the Participant, and in the exercise of its discretion, may provide coverage for medical expenses to participants while the issue of financial responsibility for the workplace injuries is in dispute;

Wherefore, the Participant, Employer and Plan hereby agree as follows:

1.   The Participant and the Employer agree and understand that if the Employer is required by judgment, obligation or agreement to compensate the Participant or the Participant's designee, heirs, assigns or beneficiaries, directly or indirectly, for the workplace injury at issue, then the Plan shall immediately be reimbursed for the entire cost (100%) of all benefit payments provided by the Plan for treatment of the illness or injury.

2.   The Participant and the Employer further jointly and severally agree that the reimbursement to the Plan required in the preceding paragraph: 1) is immediately due and owing upon final judgment, agreement, or payment between the Employer and the Participant or to the Participant's designee, heirs, assigns or beneficiaries; 2)  shall be given the highest priority; and 3) shall be made first out of any judgment, settlement proceeds, or payment.

Exh 83

3. The Participant and the Employer agree that, upon request from the Plan, they will immediately provide the Plan with notices of claims, legal filings or other demands relating to any workplace injuries.

4. The Participant and the Employer recognize that prompt and full (100%) repayment to the Plan for benefit payments provided for the treatment of workplace injuries is the essence and purpose of this agreement. The Participant and the Employer further agree that they will not jointly or separately, either directly or indirectly through their agents, engage in any transaction or other conduct which would operate to deny, or have the effect of denying, the Plan the reimbursement to which it is entitled under this agreement. The Participant and Employer also recognize that any amounts of money to be repaid under this agreement constitute assets of the Plan from the moment said amounts become due and owing.

5. The Participant and Employer recognize that they are jointly and severally liable for  repayment to the Plan for benefit payments provided for the treatment of workplace injuries.  Conversely, to the extent that a court of competent jurisdiction determines that the Participant's injury or illness is not work related and that the Employer is not otherwise financially responsible for claims related to such injury or illness, then the Plan shall be responsible for the payment of benefits related thereto, but only subject to and in accordance with the terms of the Plan's Rules and Regulations.

6. Nothing in this Agreement operates to impose any obligation on the Plan to provide any benefits or payments that are not required by the Plan's regulations, and all benefits paid hereunder are made solely in the discretion of the Plan.

7. Any disputes concerning the interpretation or enforcement of this agreement shall be resolved exclusively through final and binding arbitration under the provisions of the American Arbitration Association.  TO THE FULLEST EXTENT PERMITTED BY LAW, THE PARTICIPANT AND EMPLOYER WAIVE ANY RIGHTS TO A JUDICIAL FORUM FOR RESOLVING SUCH ISSUES.  If the Plan is required to seek enforcement of this agreement, it shall be entitled to recover interest, costs and attorneys fees in addition to any other remedy awarded by the arbitrator.   All arbitration proceedings shall be conducted in Baltimore, Maryland.

2

8.  This agreement is binding upon any party signatory hereto regardless of whether any other party fails or refuses to execute the agreement.

AGREED:

7/6/2008

8.    This agreement is binding upon any party signatory hereto regardless of whether any other party fails or refuses to execute the agreement.

AGREED:

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO             0959
CONNECTION TEL              914106591675
SUBADDRESS
CONNECTION ID
ST. TIME             09/07 13:27
USAGE T              01'17
PGS.                 4
RESULT               OK
```

LAW OFFICES

# TABAK, MELLUSI & SHISHA

## 29 BROADWAY
## NEW YORK, NEW YORK 10006-3267

TEL (212) 962-1590
TEL (800) 280-1590
FAX (212) 385-0920

RALPH J. MELLUSI
JACOB SHISHA*
ALSO ADMITTED IN
NEW JERSEY AND
LOUISIANA

OF COUNSEL
SHELDON TABAK
STEPHEN B. ROBERTS

September 2, 2005

MEBA Medical and Benefit Plans
1007 Eastern Avenue
Baltimore Md.21202-4345
Attn: Ms. C. Colette
By fax 410-659 1675

Ref: Edward Carney
D/Birth 11-22-65
SS# 110-64 9830
USNS YANO

We represent the above seaman and member of MEBA District 1 in regard to occupational injuries sustained while employed as a seaman aboard the USNS YANO.

As per our telephone conversation, I am attaching a copy of Tri-Party Agreement, signed by my client Mr. Carney. The original will be sent by regular mail. Please provide me with a copy of the signature pages when signed by the remaining parties.

Please responds as soon as possible.

Sincerely yours,

Tabak  Mellusi & Shisha